IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELIJAH JACKSON, JR.,**

    Plaintiff,

vs.                                          Case No. 4:13cv651-MW/CAS

**MICHAEL D. CREWS, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has submitted a second amended complaint, doc. 34, and another voluminous document, doc. 33, consisting of 127 pages of miscellaneous documents, a multitude of unrelated and unorganized exhibits, multiple copies of the title page for this case and certificate of service pages, and an accompanying "Narrative" which is unrelated to the facts of the second amended complaint and concerns events which took place in 2014, after case initiation. Thus, such facts are unexhausted and cannot proceed. Moreover, because Plaintiff has been ordered numerous times to cease his practice of filing large stacks of notices and exhibits. *See* docs. 7, 18, 20, 28, and 29. Document 33 will not be reviewed further.

Plaintiff's second amended complaint, doc. 34, has been reviewed. Plaintiff generally complains that he is limited in the property that he may retain in his cell. Plaintiff claims that Defendant Scott Payne, the Warden at Calhoun Correctional Institution, does not provide adequate, authorized storage space. *Id.* at 11. When Plaintiff needed additional space to store "excess active legal materials," he contends that one prison official stored Plaintiff's legal materials in her office. *Id.* at 14. It appears that in February 2014, Plaintiff was transferred to the Regional Medical Center and he contends that some of his property was stolen on March 13, 2014. *Id.* at 14-15. Plaintiff seeks to hold Defendant Steven Wellhausen, Warden of RMC, responsible for the lack of security maintenance of the facility which permitted his property to be stolen. *Id.* at 16. Plaintiff alleges that unspecified Defendants have denied his requests for additional, sufficient storage space. *Id.* Plaintiff advises that his "active legal materials exceed the capacity of storage available" to him. *Id.* Plaintiff states that his family came to his institution and retrieved "more than 26 boxes of Excess Active Stored Legal Material" pursuant to the demands of Defendant Payne. *Id.* at 17. Plaintiff complains that the removal of the boxes did not satisfy Defendant Payne as he continued to complain of other things he "deemed a nuisance . . . ." *Id.* Plaintiff contends that Defendants should have known that the denial of Plaintiff's requests for "sufficient excess storage space" is a violation of Plaintiff's right of access to the courts. *Id.* at 17-18.

The First Amendment of the Constitution guarantees the right to access the courts. *See* Bounds v. Smith, 430 U.S. 827, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)(reaffirming the long established principle that inmates have a fundamental constitutional right of

meaningful access to the courts under the First Amendment), and cases cited therein.  In presenting a First Amendment claim regarding the denial of access to the courts, an inmate must also allege "actual injury."  <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).

The role of the courts is "to remedy past or imminent official interference with individual inmates' presentation of claims" and the role of government is "to manage prisons in such fashion that official interference with the presentation of claims will not occur."  <u>Lewis</u>, 518 U.S. at 349, 116 S.Ct. at 2179.  "But the distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly."  <i>Id.</i>, at 350, 116 S.Ct. at 2179.  Thus, an inmate must show actual injury in that the conduct complained of must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim, <i>Id.</i>, at 352-54, 116 S. Ct. at 2181, and the "legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445 (11th Cir. 1998), <i>citing</i> <u>Lewis</u>, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.[1]

In <u>Lewis</u>, the Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1.  The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.

---

[1] Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.  <u>Lewis</u>, 116 S. Ct. at 2182.

    2.  The prisoner must show the claim to which he was impeded was not frivolous.

    3.  The conduct complained of must have impeded the inmate's capability to file the nonfrivolous action challenging his sentence or the conditions of his confinement.

*Id.* at 1281-83.

Here, Plaintiff's second amended complaint is insufficient because he has not identified one case which was dismissed due to the Department's policy which limits the amount of storage space an inmate can utilize for active legal materials.[2] Moreover, Plaintiff's complaint does not present a current controversy because review of Plaintiff's prior litigation history as listed in Section IV of the complaint form reveals this case is the only active case Plaintiff is litigating.  All other cases Plaintiff identified were dismissed as malicious for Plaintiff's abuse of the judicial process, (case no. 5:11cv57, dismissed on November 30, 2011), or Plaintiff states he "do [sic] not remember" why three cases were dismissed in the Middle District of Florida.  Doc. 39 at 5.  Plaintiff's First Amendment claim is insufficient and this case should be dismissed.

Another reason to dismiss this action is that Plaintiff did not honestly disclose all his prior cases.  Plaintiff listed having previously filed only three cases in the Middle District of Florida.  *Id.*  Plaintiff identified filing case numbers 8:2011cv646, 8:2011cv646 (a duplicate

---

    [2] Although not cited by Plaintiff, FLA. ADMIN. CODE R. 33-602.201(6)(b) (as was effective March 2013) permits an inmate "to possess in his or her assigned housing area his own active or inactive legal material not exceeding the capacity of storage available in the inmate's assigned locker."  The Rule provides for the storage of excess active legal material, FLA. ADMIN. CODE R. 33-602.201(6)(c), gives an inmate access to excess active legal material, FLA. ADMIN. CODE R. 33-602.201(6)(e), but requires an inmate to send inactive legal material out of the facility, FLA. ADMIN. CODE R. 33-602.201(6)(d).  The Rule has recently been amended, to be effective June 8, 2014, but the changes do not concern storage space of legal materials.  *See* Vol. 40, No. 76, FLA. ADMIN. REGISTER 1706-11 (April 18, 2014).

Case No. 4:13cv651-MW/CAS

case number),[3] and 8:2003cv2070.[4] Plaintiff did not disclose that he also filed the following cases in the Middle District of Florida 8:2000cv1401, 8:1996cv45, 8:1996cv46, 8:1997cv38, 8:1997cv58, 8:1997cv136, 8:1998cv462, 8:1998cv1380, 8:1998cv1380, 8:1998cv1460, 8:1999cv2460, and 8:2004cv2790. This case may also be dismissed as malicious because Plaintiff did not honestly disclose all prior cases and because he has abused the judicial process.

    The manner in which Plaintiff litigates his cases is abusive. In this case, voluminous exhibits have been returned to Plaintiff. Nearly all of the exhibits submitted have been random, unorganized, nearly illegible exhibits, and nearly all are irrelevant to this case, and not submitted in response to any court order. Plaintiff has been ordered to stop filing stacks of exhibits and he refuses to comply with court orders. Plaintiff is a habitual filer who submits page after page of miscellaneous documents which detract this Court, and other courts, from administering justice in other cases.

    For example, in February 2011, Plaintiff initiated case number 5:11cv57 in the Panama City Division of this Court. The initial complaint was 69 pages in length, and supported by an additional 2,817 pages of exhibits. An Order was entered by United States Magistrate Judge Charles J. Kahn, Jr., informing Plaintiff that his "inclusion of

---

[3] Although Plaintiff listed this case twice, it was dismissed once on March 30, 2011, because "Plaintiff wholly fails to make any sense of what his claims consist of and in what respect the named Defendants violated his constitutional rights." Doc. 4 of case number 8:11cv646.

[4] The case was dismissed on October 6, 2003, because Plaintiff submitted "a rambling, disjointed, and confusing complaint which [the] Court is simply unable to understand or comprehend." Doc. 3 of case number 8:03cv2070.

extraneous matter in the caption of his documents is improper."  Doc. 13 of that case. Plaintiff was further instructed that no further documents would be accepted unless they complied with court rules and the Federal Rules of Civil Procedure.  *Id.*  Plaintiff did not comply and further orders were entered directing Plaintiff to omit extraneous matter, docs. 20 and 21, and to limit the amended complaint to no more than 25 pages instead of the 69 pages in the complaint.  Doc. 30.  Thereafter, Plaintiff began filing a succession of "exhibits" which served no purpose, were unnecessary, and wasted both space and money in making the copies and mailing them.  *See, e.g.*, docs. 36, 60-67, 40-45, 49-50, 54-56, 58-76, 78, 80-95, 97-100, 102-127, 129, 131-147, 149-153, 158-174.  An Order entered by United States District Judge Richard Smoak noted that although Plaintiff had been granted an extension of time to file objections to a pending Report and Recommendation, "Plaintiff has since submitted more than one hundred exhibits for filing." Doc. 175 of that case.  Plaintiff was directed to only file objections and told that no other "supplemental evidence to the record [would] be considered or filed."  *Id.*

    Plaintiff has engaged in a practice of filing extraneous exhibits and volumes of legal material which are not only unnecessary, but are abusive.  Plaintiff's abusive behavior must come to an end.  Judicial time and energy is wasted in searching through over one pages of documents searching for the relevance to a potential claim or constitutional injury.[5]  This Court's time has been diverted from processing cases of merit long enough.

---

[5] "Judges are not like pigs, hunting for truffles buried in briefs."  United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)

Case No. 4:13cv651-MW/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 34, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) because Plaintiff has abused the judicial process, and it is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**