IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ELIJAH JACKSON,

      Plaintiff,

vs.                                          Case No.: 4:13cv651-MW/CAS

MICHAEL D. CREWS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a notice of appeal.  Doc. 44.
Plaintiff did not pay the appellate docket fee of $505.00, nor did Plaintiff file a motion
seeking leave to proceed in forma pauperis on appeal.  Fed. R. App. P. 24(a).  Plaintiff
must immediately submit payment of the filing fee or file an in forma pauperis motion.
Plaintiff is advised, however, that it appears he is not entitled to proceed with in forma
pauperis status because Plaintiff has accumulated more than three "strikes" under 28
U.S.C. § 1915(g).[1]  This Report and Recommendation should not be construed as a
ruling on a motion which Plaintiff has not been filed.  Rather, Plaintiff is advised to

---

[1] Case number 8:11cv646 was dismissed in March of 2011 in the Middle District
of Florida for failure to state a claim; case number 8:04cv2790, dismissed in December
of 2004 in the Middle District for failure to state a claim; and case number 5:11cv57 was
dismissed in the Northern District of Florida as malicious on November 30, 2011, and
that dismissal was affirmed on appeal.

Case 4:13-cv-00651-MW-CAS   Document 47   Filed 08/05/14   Page 2 of 4

consider whether he must pay for any appeal of this case in partial payments (with in forma pauperis status) or whether he would be required to pay the filing fee in its entirety.  Plaintiff is further advised that his appeal may be dismissed for want of prosecution if Plaintiff does not pay the filing fee or request in forma pauperis status.

Defendants filed a "Notice of Application to Tax Costs" on July 10, 2014.  Doc. 41.  Although not properly filed as a motion, it should be construed as such pursuant to FED. R. CIV. P. 54(d), notwithstanding that N.D. Fla. Loc. R. 54.2(A) directs a bill of costs to be filed "with a notice of application to have the costs taxed."

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Costs may only be taxed as authorized by statute.  *See* E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (holding that a court considering a Rule 54(d) request for costs "may only tax costs as authorized by statute"), *citing* Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987).  Pursuant to 28 U.S.C. § 1920(1), fees of the Clerk of Court may be taxed. The only amount Defendants seek to have reimbursed in this case is the $400 filing fee paid to the Clerk when the notice of removal was filed.[2]  Doc. 41.

Because the language of Rule 54(d) states that costs "should be allowed," and because § 1920 provides that a judge "may tax" costs, the award of costs is discretionary and not mandatory.  *See* Chapman v. AI Transport, 229 F.3d 1012, 1038

---

[2] Indeed, after filing the notice of removal (doc. 1), notice of appearance (doc. 2), civil cover sheet (doc. 3), state court documents (doc. 5), and motion requesting Plaintiff be required to re-file his complaint on the complaint form used in this Court (doc. 6), the only other document Defendants filed in this case was a motion to strike, doc. 16.

2

(11th Cir. 2000), *citing* <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 351, 101 S.Ct. 1146, 1149, 67 L.Ed.2d 287 (1981). Rule 54 "does not confer upon district courts unfettered discretion to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), *quoted in* <u>Schambeau Properties, LP v. Waffle House, Inc.</u>, No. 11-0029-WS-B, 2012 WL 253441, at *3 (S.D. Ala. Jan. 26, 2012). Circumstances in which courts have denied an award of costs are for acting in bad faith, incurring "unnecessary or unreasonably high costs," or when it would be inequitable to award costs to a prevailing party. *See* <u>Sheets v. Yamaha Motor Corp. U.S.A.</u>, 891 F.2d 533, 539-40 (5th Cir. 1990). It would be inequitable to award costs if the losing party lacks the ability to pay such costs. <u>Corder v. Lucent Tech. Inc.</u>, 162 F.3d 924, 929 (7th Cir. 1998); <u>Chapman</u>, 229 F.3d at 1039 (holding "that a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."); *see also* <u>Berube v. McCann Aerospace Maghining Corp.</u>, 486 F.App'x 778, 780 (11th Cir. Aug. 10, 2012); <u>Gay v. AirTran Airways, Inc.</u>, 427 F.App'x 743, 744 (11th Cir. May 24, 2011).

In this case, Plaintiff initiated the case in state court. Plaintiff's in forma pauperis motion filed in state court at the time of case initiation reveals Plaintiff had a zero account balance in his inmate bank account, and had over $6,000.00 in liens against his account for federal prison litigation, legal copies, and legal postage. Doc. 1-3. As of this date, Plaintiff still has a zero account balance and now has incurred over $9,000 in liens for litigation, legal copies, and legal postage. Doc. 43 at 9. Plaintiff does not have the resources to pay an award of costs. Moreover, Plaintiff points out in his objection to

3

Defendants' motion that he already incurred "filing fee costs of more than $425.00" for having initially filed this case in state court.  Doc. 43 at 3.  Requiring Plaintiff to pay costs for Defendants' decision to remove the case to federal court would, under these circumstances, be inequitable as Plaintiff would be required to pay two filing fees for the same case and lacks funds to pay even the first filing fee.  Defendant's motion to tax costs, doc. 41, should be **Denied** and Plaintiff's motion to strike Defendants' motion, doc. 43, should be **Denied**.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to tax costs, doc. 41, be **DENIED**, and Plaintiff's motion to strike Defendants' motion, doc. 43, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**